W. F. EAKIN *et al. v.* R. J. RIDDLE *et al.*

[(*Nashville.* December Term, 1912.)]

CHANCERY PLEADING AND PRACTICE. Two partners filing a bill for relief against a third person as principal defendant and against the remaining two copartners, for conformity, entitles the latter to relief against principal defendant, upon answer, without cross bill.

Where two partners file a bill in chancery for a settlement of the partnership business, making their other two copartners defendants, for conformity, and making a third person, who had contracted with all the partners, a party defendant, and seeking active relief against him, and one of the copartners filed an answer, admitting the allegations of the bill and praying for a decree in his favor against such third person as the principal defendant, such answering defendant being entitled to the same relief against such principal defendant as the complainants, is entitled to a recovery against such principal defendant, without the necessity of filing a cross bill.

Cases cited and approved: Ingram v. Smith, 1 Head, 411, 428; Davis v. Reaves, 7 Lea, 585; McKee v. Dail, 1 Tenn. Chy. App., 696.

FROM FRANKLIN.

Appeal from Chancery Court of Franklin County.—V. C. ALLEN, Chancellor.

FLOYD ESTILL, for complainants.

FELIX D. LYNCH and J. J. LYNCH for defendants.

Mr. JUSTICE WILLIAMS delivered the opinion of the Court.

The sole point to be herein considered is one of equity pleading.

On January 15, 1909, a written contract was entered into for the operation of a flouring mill between "R. J. Riddle, owner of the mill, party of the first part, and D. S. Riddle, C. H. Corn, W. F. Eakin, and W. A. Crouch, party of the second part, and known in this agreement as second party."

On November 1, 1909, the firm so composed was dissolved by mutual consent, and a settlement not being agreed upon, two of the four persons composing the party of the second part (Eakin and Corn) filed a bill in equity for a settlement of the partnership, to which bill the owner, party of the first part, R. J. Riddle, as principal defendant to be subjected to liability, and also the other individuals of the second party (D. S. Riddle and Crouch), for conformity, were made defendants.

Defendant Crouch filed an answer, admitting all the allegations of the bill, and praying that the court render judgment in his favor against R. J. Riddle.

The chancellor granted this answering defendant relief similar to that granted complainants; but, on appeal to the court of civil appeals, on error assigned to that action, the latter court reversed the chancellor's ruling, saying: "We are unable to understand upon what principle of pleading a judgment could be rendered in favor of Crouch against R. J. Riddle, when he was made a defendant along with Riddle, and in no sense under

the pleadings seeks a recovery against Riddle." Doubt-less that court was of opinion that a cross bill was re-quisite to an award of the relief to Crouch. This was error.

The present chief justice, while sitting in the court of chancery appeals, said in *McKee* v. *Dail*, 1 Tenn. Ch. App., 696: "It is true that Mrs. Payne did not join in the bill, but was made defendant; and an account hav-ing been ordered, all became actors therein, and a de-cree would have to go in whatever direction a balance should be shown to exist, whether in favor of a defend-ant or a complainant. Such cases are an exception to the rule that, in order to have affirmative relief, a party must appear by bill or cross bill. Moreover, the rights of defendant Caroline Payne against her codefendant Dail are the same as those of complainant against him, and can be fully adjudged in the present suit. In such case the court has not only the right to, but should as a matter of duty, make a decree between codefendants." See, also, *Ingram* v. *Smith*, 1 Head, 411, 428; *Davis v. Reaves*, 7 Lea, 585; Gibson, Suit in Eq. (2d Ed.), sec. 560.

The reasoning in support of this rule is patently ap-plicable in this case, involving a copartnership settle-ment.

Decree of court of civil appeals is accordingly modi-fied, and decree entered here in favor of defendant Crouch. In all other respects, affirmed.