HIRAM GREGORY v. A. J. FORBES.

*Entry and Grant of Land under Navigable Water—Wharfs—Pleading.*

1. The State can only grant land under navigable water for wharf purposes, and county commissioners have no power to confer upon a party a right to build a wharf upon such land for the purpose of a public road.

2. The riparian owner of land has the right, under our entry laws, to enter the water front up to deep water, for the purpose of erecting a wharf, and in such case, the title to the land passes.

3. Where the answer does not put the plaintiff's title in issue, it is useless for him to introduce evidence of it.

CIVIL ACTION, tried before *Shepherd, Judge,* and a jury, at Fall Term, 1885, of CURRITUCK Superior Court.

The complaint alleges that the plaintiff is the owner of a tract of land lying on the waters of North River, in Currituck county, therein described, and that he has taken out a grant of the land adjacent thereto covered by said waters, for the purpose of erecting a wharf connecting with the shore, under the provisions of §2751 of *The Code.* It avers that the defendant has erected and is using a wharf on the

land embraced in the grant, and refuses to surrender the premises to the plaintiff. The action is to remove him from the premises, and to obtain compensation in damages for his occupation.

The defendant admits that he has built the wharf out in the river upon land embraced in the grant, and this was done long before its issue, and with plaintiff's knowledge, and without his objecting thereto, by virtue of a lease from the county commissioners and under their authority, to whom, for the purpose of a public road, the plaintiff, his wife and one Fisher, had before conveyed the land, and that said wharf is used with the said road as a way to the pier near deep water.

The issues prepared for the jury were:

I. Is the plaintiff the owner and entitled to the possession of the lands mentioned in the complaint?

II. What damage has the plaintiff received by reason of the defendant's unlawful possession and retention of the land?

The jury having been empanelled and the evidence all heard, the Court intimated that the plaintiff had not made out a case upon which he could ask for a verdict, and in deference thereto he suffered a nonsuit and appealed.

*Messrs. C. W. Grandy* and *E. C. Smith,* for the plaintiff.
*Messrs. John Gatling* and *W. D. Pruden,* for the defendant.

SMITH, C. J., (after stating the facts). The record does not point out specially the defects in the proof upon which the opinion is predicated, so as to limit our inquiries to the supposed insufficiency, and we are required to explore the whole of the voluminous evidence, documentary and oral, which comes up on the appeal, to find wherein the insufficiency consists.

The documentary proofs adduced in support of the plaintiff's title, were as follows:

I. A deed from Solomon Ashbee, administrator of Thomas Griggs, made in pursuance of proceedings to convert land into assets, on November 29th, 1854, to Joseph S. Dey, conveying a tract of 308 acres on the river shore, whereon the intestate had his residence, for the sum of $1,300.

II. A deed for the same land, executed January 1st, 1858, by said Joseph S. Dey to Isaac C. Fisher.

III. A deed, with the record of antecedent proceedings warranting its execution, made June 13th, 1871, by the plaintiff, administrator of William Dowdy, to Wiley Mathias, for $21, with full recitals, and conveying a tract of twenty-five acres, thus described: "Beginning at a stake, running a westerly course to a plum tree, thence down a line of marked trees to a cypress *on North river, thence down the shore of said river* to a stump," &c.

IV. A deed from said Wiley Mathias, executed two days later, to the plaintiff, for the same land.

V. A record of a suit instituted by the heirs at law of Fisher against the plaintiff to recover land, described as adjoining North river on the west. in which the jury find it to be "the property of the defendant," and judgment rendered for him declaring him to have "*title paramount to the plaintiffs.*"

VI. A grant from the State of the water-covered land in front of the shore to the plaintiff, on December 21st, 1882. This issued upon a survey made upon an entry, in which, as shown by the plat, the line runs along the shore, and thence out into the river and around to the point of starting. The survey, after giving boundaries and area of 24 acres, annexes the qualifying words, "*for wharf purposes.*"

The plaintiff testifies, that the lands mentioned in the deeds and Court proceedings had been cleared, cultivated and occupied for more than forty years, having been in pos-

session of Thomas Griggs, then of Joseph S. Dey for five years, of Mrs. Dowdy for three years preceding, and for himself for eighteen years past.

The defendant erected the wharf in the water fronting the land in 1880, and had since maintained the possession and use, in common with the use by the public, and in support of his claim exhibited the following:

1. A deed made October 1st, 1881, by the plaintiff, his wife, and one John W. Fisher, to Currituck county, a piece or parcel of land "on North river, for the purpose of a public road, running from the main road to North river, to Hiram Gregory's landing, commencing at the river side, running down a ditch to the head; thence to a pine (marked), to Whitcomb's line, thence down Whitcomb's line to the corner of his fence, *the width of twenty feet,* except at the water, there we give forty feet square, with the timber excepted."

2. A lease executed by three of the county commissioners, by order of the board, on August 1st, 1882, to the defendant, purporting to confer " a privilege and right to build a wharf in front of the public landing on North river, formerly owned by Hiram Gregory, said wharf to be connected by a bridge with the shore, and to be known as Forbes' Wharf, and to be used for his own use and profit for the term of ten years, beginning on August 1st, 1882."

3. Proceedings instituted for, and terminating in, the laying off of a public road over the same ground, from the main road to said Hiram Gregory's landing. This was done in September, 1881. This is the material evidence on which the nonsuit was suffered.

Two questions have been discussed in the argument; 1st, involving the plaintiff's title to the land back from the margin of the river; and 2d, the efficacy of the grant in conveying the land under the entry laws.

I. The production of the successive deeds that form the

chain in the plaintiff's title, was wholly unnecessary, since it is not put in controversy in the answer.

The defendant says he is in possession of the wharf in front of the public road "*leading through the lands of the plaintiff to Jarvisburg Landing,*" and he claims a right to put up and maintain the wharf, under a lease from the commissioners, who obtained their alleged interest in the premises from a deed of the plaintiff. This deed undertakes to convey, not the soil, but a public way over it, leaving the estate for all purposes in the grantors.

II. As the owner of the shore, the plaintiff had a right under the law, to enter the water front up to the deep water, so as not to obstruct navigation, and thus acquire property in the land. The survey, and we assume the entry which it must follow, expressly declares that it is "for wharf purposes," and this is the only use for which the grant could issue. The law declares that an estate or interest passes when the soil is under navigable water, and this is independent of the form of words contained in the grant. It is apparent upon the face of it, that the land is part of the river, and this patent fact determines what right or title is acquired, and for our present purpose, the grant is operative. Inasmuch as the State only can issue a grant for land covered with navigable waters for the purpose of erecting a wharf, and this only to the riparian proprietor, we are unable to see how the right claimed by defendant could be conferred by the county commissioners upon a stranger like the defendant. The establishment of a public road to the water's edge is one thing—the conferring an exclusive right upon a stranger to erect and maintain a wharf or pier in front of the way is quite another.

We have gone into perhaps a needless detail of the evidence, since we cannot tell upon what grounds the Judge arrived at his conclusion against the plaintiff's maintainance of his action.

But the appeal is disposed of when we say the case was a proper one for the jury to pass on, and there is error in the ruling.

There must be a new trial, and it is so ordered.    Let this be certified.

Error.                                        Reversed.