WILLIAM CARROLL *v.* JOHN GRIFFITH,
Road Commissioner.

'(*Knoxville.*   September Term, 1906.)'

1. **STATUTES.**  No implied repeal when not repugnant.  **Eminent domain.** Damages for land taken for public road paid, how.

Acts 1901, ch. 136 (public road law), sec. 7, as amended by Acts 1903, ch. 533, providing the method of procedure to open, change, close, or restore to public use any public road, is not repugnant to, and does not repeal, the provision in section 14, chapter 1, Acts 1891, that the damages assessed in such cases "shall be paid out of the general funds raised for county purposes under the order of the commissioner on the county judge, or chairman of the county court, who shall issue his warrant therefor, if he approve the same."

Acts cited and construed:   1891, ch. 1, sec. 14; 1901, ch. 136, sec. 7; 1903, ch. 533.

2. **SAME.**  Road law.  Not void for failure to provide for payment of damage when prior unrepealed act provides method.

Act 1901, ch. 136, is not unconstitutional for a failure to provide for the payment of the damages assessed in favor of a landowner, through whose lands a public road may be opened; for said Act should be read in connection with section 14, chapter 1, Acts 1891, which makes provision for the payment of damages assessed in such cases.

Acts cited and construed:   1901, ch. 136; 1891, ch. 1, sec. 14.

3. **PUBLIC ROAD.**  Error to divest title out of landowner.  Public entitled to an easement only.

In a proceeding under the statute to open a public road through certain land, it is error for the court to divest title out of the landowner and vest it in the public.  The public obtains only such an easement as may be necessary to render effect-

Carroll v. Griffith.

ive the right to occupy and use as a public road the land laid off as such.

4.  **SAME.** Damages payable out of general county fund. Not out of district road fund.

Under a proceeding to open a public road, the damages assessed should be paid out of the general fund of the county, and not out of the funds of a particular road district.

Act cited and construed: 1891, ch. 1, sec. 14.

5.  **EVIDENCE.** Erroneous exclusion cured by subsequent admission.

The erroneous exclusion of evidence on a particular matter in issue is cured by the subsequent admission of the rejected evidence.

## FROM MORGAN.

Appeal from the Circuit Court of Morgan County.— G. Mc. HENDERSON, Judge.

TEMPLETON & TEMPLETON, L. RISEDEN and Z. STRICK-LEN, for Carroll.

J. M. DAVIS and WRIGHT, WRIGHT & MORRIS, for Road Commissioner.

MR. JUSTICE NEIL delivered the opinion of the Court.

This was a proceeding begun by a petition of the citizens of Morgan county, filed before the defendant in er-

ror, John Griffith, road commissioner, for laying off a public road across the lands of the plaintiff in error in Morgan county; John Griffith being the road commissioner of the district in which plaintiff in error's land lay. The petition was filed February 1, 1905. On reading this paper, the road commissioner gave notice to Carroll and other landowners that he would examine the lands and lay off the road on a given day. On the day fixed he laid off the road and reported this action, together with the papers pertaining to the matter, to the chairman of the county court of Morgan county, on the 17th of February, 1905. The chairman of the county court pronounced judgment, affirming the action of the commissioner. From this judgment, Carroll appealed to the circuit court, and gave bond. The cause was heard in the circuit court by Judge H. Clay James, without the intervention of a jury, on September 16, 1905, and the judgment of the chairman of the county court was affirmed, and thereupon Carroll appealed in error to this court.

The leading question made in the assignments of error is that the road commissioner had no authority to lay off the road involved, or to assess damages. The controversy really turns upon the question whether the road law, chapter 136, p. 237, of the Acts of 1901, is constitutional. The proceedings in the present case were conducted under that act as amended by chapter 533, p. 1415, of the Acts of 1903. Section 7 of that act, as amended by the act of 1903, reads as follows:

"Sec. 7. Be it further enacted, that all applications to open, change, close or restore to the public use any and all public roads in this State shall be made by written petition to the road commissioner of the district in which the road is located, and if said road is intended to be located in more than one district, then the petition shall be made to the commissioners of all districts interested, and they shall act jointly. The road commissioner, within ten days after the application has been filed with him, shall notify the person first named on the petition of the date at which he will be present at the beginning point mentioned in the petition to act on the application. Five days' written notice of the date and beginning point shall be given by the petitioners to all persons controlling land to be affected by the proposed change; the road commissioner shall attend at the appointed time and place, and, if the proper notice to interested parties has been given, shall act upon the application, assess damages, if in his judgment there should be any, and report his action to the chairman or judge of the county court. With his report he shall file the original petition, the notice to landowners, and the names of material witnesses. The chairman or judge of the county court shall consider the whole matter and make such orders as to opening, changing, closing, or restoring to the public the proposed road, as the court may deem proper; any interested party may appeal as heretofore, provided such appeal be perfected before the clerk of the county court within ten days."

Carroll v. Griffith.

It is observed that there is no provision in the section quoted, nor is there any provision in any other part of the act, for the payment of the damages assessed. It is insisted, however, that this act should be read in connection with chapter 1, p. 3, of the Acts of 1891. We are of opinion that this is the correct view. The act of 1901 does not purport to repeal the act of 1891, and, of course, the former act would stand, in so far as its provisions are not repugnant to those of the latter act. In section 14, p. 6, c. 1, of the Acts of 1891, it is provided that the damages assessed "shall be paid out of the general funds raised for county purposes, upon the order of the commissioner on the county judge, or chairman of the county court, who shall issue his warrant therefor, if he approves the same." Under the act of 1891, the damages were assessed by the commissioner, and the warrant was directed to be drawn by him in the manner just stated; but, under the section which we have quoted from the act of 1901, the commissioner, after acting upon the application and assessing the damages, is required to report his action to the chairman or judge of the county court, and with his report he is directed to file the original petition, with notice to landowners and the names of material witnesses. The chairman or judge of the county court then acts upon the whole matter, and makes such orders as to the opening, changing, closing or restoring to the public the proposed road, as he may deem proper. But along with this provision stands that contained in Acts 1891, ch. 1, sec. 14, that the dam-

ages "shall be paid out of the general funds raised for county purposes." Taking the two acts together, it becomes the duty of the chairman of the county court to draw his warrant on the general county fund for the damages allowed. This is a part of his duty, "when he comes to consider the whole matter." "The whole matter" involves the consideration of the application for the road, the amount of damages, and the payment of such damages as he may deem should be allowed.

In this view of the matter, it appears that the objection taken to the constitutionality of the act is not well founded.

When the present case was tried before the chairman of the county court, after establishing the road, he divested title out of the plaintiff in error and vested it in the public, and this was affirmed by the circuit judge. This matter is complained of here. We are of opinion that the order of the county court, and also the judgment of the circuit court, was in that respect erroneous. The public obtains no title to the road, but only an easement, or right of way, so far as the same may be necessary to render effective and operative in the public the right to occupy and use as a public road the land laid off as such.

The chairman of the county court also directed that the damages should be paid out of the road funds of the ninth district of Morgan county. This was erroneous. The order should have directed payment out of the general fund of the county. The circuit judge, in affirming

the whole of the county court order affirmed this action, and thereby fell in error.

It is insisted by the plaintiff in error that the circuit judge committed error in refusing to allow the plaintiff in error to introduce proof upon the subject of damages. There is a general statement of that kind in the bill of exceptions, but it appears that the circuit judge subsequently did allow proof on this subject. Mr. Carroll himself gave testimony on this head. This assignment must therefore be overruled.

The result is that the judgment of the circuit court will be affirmed, except in the two particulars above mentioned, and in respect to these matters it will be modified, and the cause will be remanded to the circuit court of Morgan county, with directions to remand it to the county court of the county, to the end that a warrant may be issued for the damages assessed, in accordance with the directions contained in this opinion.

The costs of this court will be paid by the county of Morgan. The costs of the court below will be paid as directed by the circuit judge.