J. H. STOKES *v.* LEWIS DOBBINS *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed February 9, 1929.

HOWARD E. BROWN and WM. C. COOK, for complainant, appellant.

J. M. SPENCER and W. W. PATTERSON, for defendant, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The original bill in this cause was filed against the defendants as road overseers, to enjoin them from further endeavoring to lay out a public road through complainant's land. The Chancellor dissolved a temporary injunction and dismissed the bill for want of equity, and complainant has appealed.

The bill attacks the constitutionality of Private Acts of 1921, chapter 19, a special road law for Houston County, under which the defendants were acting; and while the bill complains of certain alleged arbitrary and oppressive actions on the part of defendants, the unconstitutionality of said statute is the only question argued on the brief of the appellant in this court.

The statute, by reference to population, is limited in its application to Houston County, and it is contended

that the basis of the classification is arbitrary, so as to destroy the statute.

*(1)* The statute affects the County in its governmental capacity only, the power and duty to lay out and maintain public roads being universally recognized as a high governmental function. The legislature might, therefore, have designated the County by name instead of by reference to its population, without violence to the constitutional inhibition against special legislation. *State* v. *Turnpike Co.*, 133 Tenn., 446; *Wilson* v. *Wilson*, 134 Tenn., 697.

*(2)* It is further contended that the statute is unconstitutional because it authorizes the road overseer, of the district in which the proposed road is to be established, to assess the damages sustained by the owner of the land taken for the proposed road, without having the damages assessed by a jury of view.

The statute directs the road overseer to report his action to the judge or chairman of the county court, who shall review the whole matter; and the aggrieved landowner is given the right of appeal to the circuit court. On such appeal a jury may be demanded and secured. This fully satisfies the constitutional guaranty of the right of trial by a jury. The jury of view in condemnation cases is purely a creature of statute, and is not required by the constitution.

*(3)* The more serious assault on the constitutionality of the statute is that it authorizes the taking of land for a proposed road, without making adequate and proper provision for the compensation of the owner.

Section 6 (Private Acts 1921, chapter 19,) provides that upon written petition, the district road overseer shall give notice to all persons owning land to be affected

by the proposed change or new road, and at the appointed time and place shall act upon the petition, assess damages if in his judgment there should be any, and report his action to the chairman of the county court, who shall consider the whole matter, and make such orders with reference to the proposed road as he may deem proper, with the right to any interested party to appeal, the appeal to be perfected within ten days. The statute does not make provision for the payment of compensation for land taken for the proposed road.

The general road policy of the State, without reference to the system of State Highways, is declared by chapter 1 of the Acts of 1891. In section 14 of that statute, it is provided that damages resulting from the condemnation of land for roads, under the procedure prescribed therein, "shall be paid out of the general funds raised for county purposes."

This provision is incorporated in section 1624 of Shannon's Code (all editions).

Chapter 136 of the Acts of 1901 is a general act, regulating the working and laying out of public roads in all counties having a population of less than seventy thousand.

Section 7 of this statute, as amended by chapter 533 of the Acts of 1903, prescribes the mode of procedure for laying out a new road identical with that prescribed in the Houston County statute here involved, with the same omission of any provision for the paying of compensation to landowners for their land taken for road purposes.

In *Carroll* v. *Griffith,* 117 Tenn., 500, it was held by this court that the provision in the general Act of 1891 for the payment of damages to landowners out of the general

funds of the county applies to condemnations under the Act of 1901; and that, taking the two acts together, it is the duty of the chairman or judge of the county court to draw his warrant on the general county funds for damages allowed when land is condemned under the Act of 1901, as amended.

The situation here involved is the same as that considered in *Carroll* v. *Griffith, supra,* except that the statute of 1921 applies to a single county while the statute involved in *Carroll* v. *Griffith,* applied to all counties having a population of less than seventy thousand. This difference in the two statutes is immaterial, and the holding in *Carroll* v. *Griffith* is clearly controlling.

We hold, therefore, that the Act of 1891, chapter 1, authorizes and empowers the chairman of the county court to issue his warrant on the general county funds for any damages properly assessed to landowners under chapter 19 of the Private Acts of 1921; and, as so construed, the statute of 1921 is not susceptible to this attack on its constitutionality.

*Wright* v. *Donaldson,* 144 Tenn., 255, must be distinguished from the present cause. The statute therein declared unconstitutional directed that the road commissioners, upon assessing damages for land taken, should "appropriate an amount of road funds sufficient to pay such damages," etc., clearly indicating the legislative intent that the general county funds should not be charged with the payment of damages assessed, even though the road funds in the hands of the commissioners might be inadequate for the purpose. The restriction of the landowner to a special fund for compensation for his land taken by condemnation, was held to be a denial of his constitutional rights, especially in view of the fur-

ther provision of the statute that the landowner's appeal from the judgment of the county court to the circuit court should not "have the effect of stopping the progress of the work or prevent the commission from carrying into effect the proposed charge."

The decree of the Chancellor, dismissing the bill, will, therefore, be affirmed, at the costs of complainant.