Town of Madisonville *v.* R. L. Cagle.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

PEACE & SLOAN, for plaintiff in error.

WITT & CARROLL, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

By deed of August 7, 1923, the Town of Madisonville acquired from the defendant Cagle a spring, and an easement for water pipes, drain pipes, power lines, and a road from the street to the spring lot. Subsequently in July, 1929, the town commenced this pro-

ceeding to appropriate a portion of defendant's land, alleging that it was necessary for public use to enlarge the waterworks system. The defendant protests, saying (1) the land which the town wants to appropriate is not necessary for the public use in that the town acquired by deed of 1923 an easement in the land which it now attempts to take; (2) the Acts under which the power of eminent domain is asserted are unconstitutional because they do not provide for the ascertainment of damages and the means of compensating the owner for his land taken. If, by the deed of 1923, the town acquired and now holds an easement over the particular parcel which it is seeking to appropriate, this proceeding would be useless and the petition should be dismissed, for an easement, it seems, would be sufficient for its uses. Since the statute does not define the estate to be taken, only such interest could vest in the town as would be necessary to meet its requirements. Vol. 2, Lewis' Eminent Domain, 449.

Reference to the description of the land which the town seeks to appropriate for the enlargement of its water system discloses a purpose to appropriate for a pipe line a strip three feet wide by one hundred and twenty-eight feet long south of the roadway and pipe line referred to in the deed and shows also the purpose to appropriate a triangular strip adjacent to the spring lot. This comparison indicates a purpose to appropriate for the public use additional lands or an easement therein which is, the petitioner alleges, necessary to enlarge the existing water system for the public use. There is no evidence to show that the town has an easement in what it seeks to appropriate, and none that the additional rights are not required for the public use.

█ The charter, chapter 66, Acts of 1915, authorizes the town to provide a system of waterworks and the amendatory Act, chapter 488, Acts of 1929, confers upon the town the power of eminent domain that it may acquire property inside or outside the corporate limits for use of its waterworks system. Both Acts are silent as to the procedure or the means of compensating for property acquired. But the want of an express provision for compensation in such special statute is not necessarily fatal, if a general law is in existence which provides for the procedure through which compensation may be determined and which provides a means for enforcing its payment. The special statute will be construed in pari materia with the general law. *Nashville* v. *Dad's Auto Accessories,* 154 Tenn., 201.

█ It cannot be assumed that the Legislature intended to authorize the taking without compensation but on the contrary that it was intended that the power conferred, without reference to the mode of procedure or means of compensating landowners, would be pursued in conformity with the existing general statutes governing the power of eminent domain. This rule of construction has been applied in construing similar statutes in the following cases: *Memphis* v. *Hastings,* 113 Tenn., 142; *Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 69; *Williamson County* v. *Turnpike Co.,* 143 Tenn., 628; *Stokes* v. *Dobbins,* 13 S. W. (2d), 321. See, also, 20 C. J., p. 649, sec. 126.

█ Proceeding as the town must, for lack of definite procedure outlined in the charter acts, under section 1844 and subsequent sections of Shannon's Code, the procedure, the measure of compensation and the means of payment are governed by the general statutes. They

supply an adequate remedy to the landowner. They afford an impartial tribunal for the assessment of damages and the compensation there awarded is a charge upon the public treasury of the town, upon its general funds and resources, and so the constitutional requirements are thereby met. Cooley's Constitutional Limitations, p. 692.

Construing the special and general statutes together as must be done, the charter confers power upon the town to take land necessary for the use of its water system. There is nothing on the face of the record to sustain the insistence that the appropriation is not for public use or that the town is attempting to appropriate the fee where it already owns the easement. We are constrained therefore to reverse and remand the cause for further proceedings.