McGIFFIN *et al.* v. CITY OF GATLINBURG.

*(Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

Petition for Rehearing denied July 17, 1953.

CLYDE W. KEY, of Knoxville, and OGLE & OGLE, of Sevierville, for complainants.

O. M. Tate, Jr., of Knoxville, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit for a declaratory decree stating that complainants are the owners of a certain portion of a street right of way in the City of Gatlinburg, on the theory that the right and title of the defendant thereto has terminated and become extinguished and has reverted to complainants by reason of the facts charged in the bill. The defendant City of Gatlinburg interposed a demurrer which was overruled by the trial court and a discretionary appeal allowed.

The City of Gatlinburg had heretofore filed a condemnation proceedings against complainants Hattie McGiffin and others for the purpose of obtaining a right of way eighty feet in width and running from east to west and twelve hundred feet in length running from north to south in the northern portion of Gatlinburg. Later, the city amended its petition so as to include something over one acre lying east of said eighty-foot right of way and adjacent thereto, which the city undertook and did acquire for the construction of slopes of cuts and fills on the east side of said right of way. Complainants now insist that said street having been constructed within the measurements of said eighty feet in width and twelve hundred feet in length, that said additional acreage of fills and slopes are no longer needed by the city and that said additional acreage has reverted to the complainants as the owners of the fee in said property to which the city only obtained an easement.

It seems that the adjoining property owners have leveled off said additional acreage at a cost of some $15,000 so that this property can be sold for residential purposes.

The question here is whether under said condemnation proceedings the city acquired a fee-simple title to said additional acreage or only an easement.

From a certified copy of the record in the condemnation proceeding it is shown:

That part of the verdict of the jury describing the lands, interest and estate awarded by the jury to the city of Gatlinburg reads as follows:

"That they set apart to the petitioner, the City of Gatlinburg, Tennessee, for street and highway purposes, the following described premises, to-wit:

(then follows a metes and bounds description of the eighty foot tract above referred to.)

"Together with a right-of-way necessary for the construction of the slopes of cuts and fills upon the land adjacent to the right-of-way above described, and as shown on the plans for said project above referred to. The said right-of-way as described and set out on plans and maps, contains 1.5 acres, more or less."

■ On April 13, 1951 a final judgment was entered upon the verdict of the jury in the condemnation proceeding which provided as follows:

"It is accordingly further adjudged and decreed that there be and hereby is set aside to the petitioner, City of Gatlinburg, Tennessee the property and *estate* described and set out in the verdict of the jury of view heretofore entered of record herein, for street and highway purposes * * *."

There was no appeal from this final judgment.

The City of Gatlinburg paid the amount awarded condemnees and went into possession and constructed entirely within the bounds of the eighty-foot strip a concrete street with concrete sidewalks on each side thereof.

The city paid to the adjoining owners the sum of approximately $18,000.

It is conceded that the city has done no act that would amount to an abandonment of this 1.5 acres. The complainants insist, however, that the city acquired only a terminable easement for a particular purpose—that is, a right of way necessary for the construction of slopes of cuts and fills.

An order dated July 17, 1950 in the condemnation proceedings heretofore mentioned directed that the condemnation petition be amended so as to describe the

easement (outside the eighty-foot strip) that the city would be permitted to acquire, in this language:

"Together with the easement necessary for the construction of slopes of cuts and fills upon the land adjacent to the right-of-way above described, the proposed street to be graded the entire width of the right-of-way and the necessary slopes of cuts and fills to be constructed outside of said right-of-way. The land upon which the slopes of necessary cuts and fills are to be constructed *is to remain the property of said landowners and may be used by them, their successors and assigns, for any lawful purpose desired, provided such use does not damage, destroy or weaken the support of said highway.*"

We think this language supports the contention of the complainants that the city acquired only an easement in said 1.5 acres.

Further, Section 3 of the condemnation proceedings avers that the city has "taken proper corporate action enabling it to acquire * * *." In describing what this "corporate action" enabled the city to acquire, the petition, after describing the eighty-foot strip, provides as follows:

"Together with an easement necessary for the construction of the slopes of cuts and fills upon the land adjacent to the right-of-way above described, the proposed street to be graded the entire width of the right-of-way and the location of the said easement being shown upon the plans for said project, above referred to. Said easement shall cease whenever said landowners, their successors or assigns, shall erect a building or buildings or other improvements immediately adjacent to said right-of-way,

or whenever the land adjacent thereto is graded to the same level as the surface of said street.''

This is the only estate or interest which the city by corporate action has ever determined to be necessary to be acquired for public use. We are therefore of the opinion that the city acquired only an easement to said additional acreage. See *Clouse* v. *Garfinkle,* 190 Tenn. 677, 231 S. W. (2d) 345.

The effect of Code Section 3398 is to permit a municipality to condemn ''the fee of the land necessary to be taken''. In the present case, there is no doubt that the city intended that the title to the land should remain in the adjoining property owners and that they had a right to erect a building or buildings on said 1.5 acres whenever the land was graded to the same level as the surface of the street. See *Land Co.* v. *Hotel Co.,* 132 N. C. 517, 44 S. E. 39, 61 L. R. A. 937; *Gregory* v. *Forbes,* 96 N. C. 77, 1 S. E. 541.

In *Atlantic & N. C. R. Co.* v. *Way,* 172 N. C. 774, 90 S. E. 937, 939, it was said:

''Where the change in the land or tenement is of such decisive and conclusive a nature that the easement can no longer be enjoyed, it is extinguished, as, where a piece of land subject to an easement is washed away by the encroachment of a river, the easement ceases.''

Washburn in his *Treatise on Easement, Third Edition,* page 654, says:

''If an easement for a particular purpose is granted, when that purpose no longer exists, there is an end of the easement.''

In 154 A.L.R. Annotation 33-34, it is said:

''Like estates in land, an easement may be created which will terminate ipso facto upon the happening

of a particular event or contingency. Such an easement, for purposes of this annotation, is denominated a 'determinable easement.' "

In 17 Am. Jur., page 1023, it is said:

"There is a well established rule that an easement may be terminated by the completion of the purpose for which it was granted, inasmuch as the reason for, and necessity of, the servitude are at an end. Thus, if an easement is granted for a particular purpose only, the right continues while the dominant tenement is used for that purpose, but ceases when the specified use ceases. Moreover, a way of necessity is a temporary right in the sense that it continues only so long as the necessity exists."

We are therefore of the opinion that this 1.5 acres has reverted to the adjoining owners and that the city no longer has an interest in said acreage. It results that the decree of the Chancellor is affirmed.