IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2008 Session

## VICKIE ROBNETT v. EDWARD H. TENISON, JR.

**Appeal from the Chancery Court for Lewis County**
**No. 3254      Robbie Beal, Judge**

**No. M2007-02490-COA-R3-CV - Filed September 23, 2008**

The issue is whether a court-ordered easement by necessity for ingress and egress to landlocked property may be terminated on the ground it is no longer necessary because the landlocked owner has an express easement through which that owner has reasonable, although not as desirable, ingress and egress. The trial court denied the petition to terminate the easement by necessity upon a finding it would place an undue burden on the landlocked property owner to have it terminated. We have determined the trial court applied an incorrect legal standard, that of undue burden, to deny the petition to terminate the easement at issue. Easements by necessity are dependent on the necessity that created them; therefore, a way of necessity continues only as long as a necessity for its use continues. The fact that the way of necessity would be the most convenient does not prevent its extinguishment when it ceases to be absolutely necessary. Accordingly, we reverse the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT, J., joined. PATRICIA J. COTTRELL, P.J., M.S., not participating.

James R. Tomkins, Nashville, Tennessee, for the appellant, Edward H. Tenison, Jr.

Randy Hillhouse, Lawrenceburg, Tennessee, for the appellee, Vickie Robnett.

### OPINION

Vickie Robnett and Edward H. Tenison, Jr., are neighbors in a rural area of Lewis County. Each owns and resides on property adjacent to the other. Mr. Tenison's property fronts Tutor Lane. Ms. Robnett's property, however, is landlocked, meaning her property does not have access to a public road without the benefit of a way of easement to and from a public road.

To remedy this problem, in 1995 the Chancery Court for Lewis County decreed a "permanent implied easement of necessity" across Mr. Tenison's property thereby giving Ms. Robnett ingress and egress to Tutor Lane. The easement of necessity was established for the sole purpose of giving

Ms. Robnett ingress and egress to her personal residence. Predating the easement of necessity and appearing in Ms. Robnett's chain of title, is a recorded express easement that affords Ms. Robnett ingress and egress to Highway 412 via another neighbor's property.[1] Ms. Robnett does not cross Mr. Tenison's property when she and her guests use the express easement for ingress and egress from her property to Highway 412. Until recently, however, the express easement was not amenable to vehicular traffic due to many factors. Accordingly, Ms. Robnett and her guests have always used the easement by necessity from Tutor Lane for ingress and egress to her residence.

In an effort to alter the manner and minimize the frequency with which Ms. Robnett, her husband, their guests, and trucks of their garbage collection company utilized the easement of necessity, Mr. Tenison began to interfere with and otherwise obstruct their use of the easement. As a consequence of Mr. Tenison's interference with her right to use the easement, Ms. Robnett filed a Petition for Contempt in October of 2006 alleging, *inter alia*, that Mr. Tenison had unreasonably interfered with her use of the easement by digging a ditch across the easement, by parking vehicles on the roadway to block her use of the easement, by harassing her visitors using the easement, and by not allowing her to pave the easement.

Mr. Tenison filed an Answer to the Petition and a Counter-Complaint against Ms. Robnett. In his Answer, he denied the allegations in the Petition and asserted several affirmative defenses. In the Counter-Complaint, Mr. Tenison sought to terminate the easement of necessity on alternative grounds. He contended the easement should be terminated because it was no longer necessary due to substantial improvements to the pre-existing express easement. In the alternative, he contended that Ms. Robnett was violating the easement by necessity by operating a garbage hauling business at her residence, that Ms. Robnett and her visitors were misusing the easement by driving excessively fast and in a reckless manner, that Ms. Robnett was using her residence to distribute marijuana, and that Ms. Robnett allowed her dogs to run loose and cause damage to his property.

A bench trial was held on August 31, 2007. At the close of all the proof, the trial judge went to the parties' properties to personally view the easements at issue. Ms. Robnett then withdrew her petition for contempt, leaving only Mr. Tenison's Counter-Complaint at issue. Thereafter, the trial court issued its ruling. The court denied Mr. Tenison's request to terminate the easement by necessity based on a finding that termination "would place an undue burden" on Ms. Robnett; however, it permanently enjoined Ms. Robnett from operating a commercial business from her property. The court also ruled that Ms. Robnett has the right to improve the easement by necessity, and it ordered Mr. Tenison to repair the ditch he had dug across the easement to reduce speeding. This appeal followed.

---

[1] Tutor Lane is on the east boundary line of Mr. Tenison's property. Highway 412 does not touch either of the parties' properties; it is located just south of their properties. Tutor Lane connects with Highway 412 via Indian Creek Road.

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). Where the trial court does not make findings of fact, there is no presumption of correctness and we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Issues of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## ANALYSIS

Although both parties have presented issues for our consideration, we have determined the dispositive issue on appeal is whether the trial court erred in denying Mr. Tenison's petition to terminate the easement by necessity.

The trial court denied Mr. Tenison's petition to terminate the easement by necessity based upon a finding that termination of the easement by necessity would place an *undue burden* on Ms. Robnett. The fact Ms. Robnett may be burdened if she loses the benefit of the easement by necessity is a justifiable concern to her; however, it is not the correct legal standard for the court's consideration.

The existence of an easement by necessity is dependent on the necessity that created it. 28A C.J.S. *Easements* § 161 (2008). Therefore, "a way of necessity continues as long, but *only as long, as a necessity for its use continues*." *Id*. (emphasis added). "If an easement for a particular purpose is granted, when that purpose no longer exists, there is an end of the easement." *McGiffin v. City of Gatlinburg*, 260 S.W.2d 152, 154 (Tenn. 1953) (quoting Washburn, *Treatise on Easement*, 654 (3d ed.)). "The fact that a former way of necessity continues to be the most convenient way will not prevent its extinguishment when it ceases to be absolutely necessary." 28A C.J.S. *Easements* § 161 (2008).

The trial court's decision to deny Mr. Tenison's petition to terminate the easement was based upon an incorrect legal standard. Therefore, it is incumbent on this court to apply the correct standard to the facts in the record and to determine the parties' rights accordingly.

It is undisputed that Ms. Robnett has two easements, each of which affords her ingress and egress to her residence from a public road. One is the easement by necessity, which goes through,

and thus encumbers, Mr. Tenison's property. That easement affords her ingress and egress from Tutor Lane. The other is an express easement that affords her ingress and egress to her residence from Highway 412 via another neighbor's property. The express easement was obtained by agreement of the respective property owners. The easement by necessity was court ordered in 1995, over Mr. Tenison's objections, upon a finding that the easement was necessary to afford ingress and egress to a public road.

At trial, Ms. Robnett acknowledged that she had an express easement of record that afforded her ingress and egress to her residence from Highway 412. She, however, contended that the express easement continues to be impassable and that Mr. Tenison had failed to show that circumstances had changed since 1995 sufficient to prove that the express easement, which was found to be essentially impassable in 1995, afforded her reasonable ingress and egress. We respectfully disagree.

Mr. Tenison testified that the express easement had been improved "a lot" since the court-ordered easement by necessity was mandated in 1995. He testified that culverts had been installed where the road would previously "wash out" and the road and land around it had been graded, which improved the condition of the road and minimized problems from drainage. Mr. Tenison also testified that he had seen vehicles using the express easement for ingress and egress to Ms. Robnett's property. For her part, Ms. Robnett admitted that culverts had been put in on both sides of the express easement to prevent flooding of the express easement. She also admitted that immediately prior to trial the portion of the express easement "going up the hill" had been graded with a bobcat and a gate that was wide enough for a vehicle had been installed. Photographs of the express easement show a recently graded roadway that resembles a driveway.

Significantly, Ms. Robnett did not testify that the express easement was not suitable for ingress and egress, she merely stated that the express easement was not "as reasonable" as the easement by necessity. In an effort to explain why the express easement was not as reasonable as the easement by necessity, Ms. Robnett testified that to use the express easement she would have to come down the paved driveway used by another neighbor and then split off onto her unpaved portion of the easement. When asked why she was seeking the court's permission to spend money to pave the easement by necessity rather than use her express easement, Ms. Robnett could only state the easement by necessity "has always been our access."

We acknowledge that the trial judge visited the properties at issue at the close of all the proof and that the trial judge noted that he was "glad" he went out to the properties because "[i]t really put everything into perspective." The trial court did not, however, state on the record how the on-site visit put things in perspective. The court merely announced that "[h]aving gone out to the property, I think it would be an undue burden."

A trial judge has "the inherent discretion to take a view of the site of a property dispute . . . where such a view will enable the judge to assess the credibility of witnesses, to resolve conflicting evidence, or to obtain a clearer understanding of the issues." *Tarpley v. Hornyak*, 174 S.W.3d 736, 748-49 (Tenn. Ct. App. 2004). However, the trial judge's viewing is not a substitute for the evidence

-4-

presented in court, *Id*. at 749, and without the benefit of knowing how the viewing put everything into perspective, our analysis is limited to the evidence in the record.

As we stated earlier, an easement by necessity may continue "*only as long, as a necessity for its use continues*." 28A C.J.S. *Easements* § 161 (2008) (emphasis added). The fact the way of necessity continues to be the most convenient is not sufficient to prevent its extinguishment if it ceases to be absolutely necessary. *Id.* The easement was created for the purpose of affording Ms. Robnett ingress and egress from a public road. Due to recent improvements to the easement that leads to Highway 412, the easement through Mr. Tenison's property is no longer absolutely necessary. Because the purpose for which the easement through Mr. Tenison's property was created no longer exists, there is an end to the easement by necessity through Mr. Tenison's property. *See McGiffin*, 260 S.W.2d at 154.

Based upon the evidence in the record, we find the preponderance of the evidence shows that it is no longer necessary for Ms. Robnett to use Mr. Tenison's property for ingress and egress to her residence.

## In Conclusion

The judgment of the trial court is reversed, and this matter is remanded with instructions for the trial court to enter an order terminating the easement by necessity that encumbers Mr. Tenison's property and for such other proceedings as the trial court may deem necessary. Costs of appeal are assessed against Ms. Vickie Robnett.

_____
FRANK G. CLEMENT, JR., JUDGE