PILE *et al. v.* PILE *et al.*

*(Nashville.    December Term, 1915.)*

1. JUDGMENT.  Conclusiveness.   Matters not in issue.

The decree in a partition suit, the pleadings of which, most liber-
ally construed, did not call for an adjudication as to the rights
of R. against P., was not conclusive as to such rights in an
ejectment suit between such parties, since, that a judgment
may be effective as *res adjudicata*, it is essential that the party
sought to be precluded should have sued or been sued in both
cases in the same capacity or character, and to enforce or
have adjudged the same right, while it must appear, not only
that the thing affected by the two suits is the same, but that
the proceedings were for the same object or purpose; the same
point being directly in issue.   (*Post, pp.* 375-377.)

Cases cited and approved:  Bank v. Smith, 110 Tenn., 338;  Mel-
ton v. Pace, 103 Tenn., 484;  Brewster v. Galloway, 72 Tenn.,
558;  Coulter v. Davis, 81 Tenn., 451;  Harris v. Mason, 120
Tenn., 668;  Eakin v. Riddle, 127 Tenn., 426.

2. JUDGMENT.   Conclusiveness.   Parties and issues.

When a second suit is upon the same cause of action and between
the same parties as the first, the judgment in the former is
conclusive in the latter as to every question which was or might
have been presented and determined in the former;  but when
the second suit is on a different cause of action, but between the
same parties, the judgment in the former action operates as
an estoppel effective in the latter as to every point in question
which was actually litigated and determined in the first action,
but is not conclusive as to matters which might have been, but
were not litigated.   (*Post, p.* 377.)

Case cited and approved:   Southern Pac. R. Co. v. United States,
168 U. S., 1.

Pile v. Pile.

3. **JUDGMENT. Conclusiveness. Burden of proof.**

Where the record is such that there is or may be a material issue in a second suit upon a different cause of action between the same parties which may not have been decided in the former action, the judgment therein does not estop from litigating such issue, unless by pleading or proof, the party asserting the estoppel establishes that the issue was determined in the former suit. (*Post, pp.* 377, 378.)

Cases cited and approved: Harrison v. Remington Paper Co., 140 Fed., 385; Dooley v. Potter, 140 Mass., 49; Ryder v. Loomis, 161 Mass., 161; Huntzicker v. Crocker, 135 Wis., 38.

4. **JUDGMENT. Conclusiveness. Separate titles.**

Where the same person has two distinct rights over land, the subject-matter of a partition suit, and the pleadings touch but one of such rights, his being made a party to the suit will not preclude him from later asserting or defending his rights over the land so far as not involved by the pleadings, since as to matters without the pleadings he is not a party. (*Post, p.* 378.)

Case cited and approved: McNutt v. Trogden, 29 W. Va., 469.

---

FROM FENTRESS

---

Appeal from the Chancery Court of Fentress County.—A. H. ROBERTS, Chancellor.

W. A. GARRETT, S. M. TURNER, E. C. KNIGHT, JOHN M. DAVIS, J. T. WHEELER and JOHN F. McNUTT, for appellants.

SMITH & SMITH, EVANS & WHITE and CONATSER & CASE, for appellees.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is an ejectment suit, involving the determination of the title to a large boundary of mountain land, said to be chiefly valuable for its timber and minerals.

In the year 1848, the State of Kentucky issued to F. P. Stone, Abner Miller, and others a patent to a boundary of one hundred and twenty-three thousand and nine hundred and eighty-nine acres of land now lying in, and running across the northern portion of, Fentress county, and embracing parts of the Scott and Pickett counties, in this State, and commonly known as the "Big Survey." The territory in question was later surrendered by the State of Kentucky to the State of Tennessee under a convention or treaty settling the location of the boundary line between the two States, but on terms that patents which had been issued by the former State should be recognized by Tennessee.

Within the limits of the Big Survey are three tracts, commonly known as the "Three Stone Tracts," F. P. Stone having conveyed his interest therein to Abner Miller.

Within the bounds of these three tracts there is a tract of land to which Huff acquired a claim of title under a tax deed, dated and recorded in 1880.

In 1890, Malissa Williams, an heir of Abner Miller, instituted a suit to partition the Big Survey and the Three Stone Tracts, which proceeding as it progressed seems to have widened in scope so as to provide for the

ascertainment and adjudication as to the merits of adverse claims in order to remove cloud, etc. This proceeding was under the case-style of *Malissa Williams* v. *S. H. Pile et al.,* in the chancery court of Fentress county.

Huff and S. H. Pile were made defendants in that cause; Huff answering as the claimant of the land involved in the pending appeal, and S. H. Pile only as the claimant of lands wholly distinct from those affected by this suit. Huff in his answer set up his title under the tax deed above referred to.

Later, on March 31, 1893, and pending the progress of the suit of *Williams* v. *Pile,* Huff conveyed the tax-deed lands to S. H. Pile.

On April 5, 1893, S. H. Pile conveyed a portion of the same lands to Rassieur. The portion so derived from Huff but not conveyed to Rassieur is the subject-matter of this litigation.

The present suit is that of the heirs at law of S. H. Pile against Rassieur and others. Rassieur answered the bill of complaint, pleading the decree in the case of *Williams* v. *Pile* as *res adjudicata,* and this defense was sustained by the chancellor. The merit of that plea will determine the controversy between the two principal litigants, and is the only point that will be discussed in this opinion.

The plea is founded on and sought to be sustained by the following facts:

In the old partition proceeding, a reference was had to the master to take proof and report on the claims of

Huff and others that were adverse to the title of those claiming the Big Survey. The master reported, in 1897, that Huff was the owner of the land in question under the tax deed. The report then recites (italics ours):

"It appears that later this land was deeded by Huff to S. H. Pile and by Pile to Leo Rassieur. See Leo Rassieur's answer in the pleadings. But that answer only states that these two last-mentioned deeds will be filed on or before the hearing of the cause and cannot now be used in this report."

The report being in favor of Huff and his assigns, exceptions thereto were saved by the complainants in said cause.

The chancellor in 1898 decreed that Huff's purchase at the tax sale inured to the benefit of complainants and himself as tenants in common, because of such tenancy, and that:

"These are the lands now claimed by Leo Rassieur, having been conveyed by Huff to S. H. Pile, and by Pile to said Rassieur, pending this litigation, and are described as follows: (Here describing lands that include those here in contest.) . . . And the cause coming on to be further heard, the court was of opinion that complainants own forty-nine one hundred eightieths of the land described in the tax deed and that Leo Rassieur owns one hundred and thirty-one one hundred eightieths thereof."

S. H. Pile saved no exception to the report or to the decree based thereon, although, as seen, he was a party

to the cause.  His answer dealt only with other and distinct lands in the bounds of the Big Survey.  Rassieur merely answered.  No issue appears to have been formulated between S. H. Pile and Rassieur in respect of the amount of land conveyed by the deed of the former to the latter; neither was impleaded on that point.

In the present case the chancellor decreed: That the deed from Pile to Rassieur of date April 5, 1893, does not cover any part of the land involved in this cause; that the tax deed to Huff and Huff's deed to S. H. Pile do cover it; but that the decree in the case of *Malissa Williams et al.* v. *S. H. Pile et al.* is *res adjudicta* as to the present claim of S. H. Pile's heirs in its ruling that Rassieur was the owner of one hundred and thirty-one one hundred eightieths interest in the tract, because of S. H. Pile's conveyance to him.

Complainants as appellants have assigned error, challenging the correctness of this decree; and we are of opinion that the ruling of the chancellor cannot be sustained.

The pleadings in the earlier case, when most liberally construed, did not call for an adjudication as to the rights of Rassieur against S. H. Pile, or the reverse.  Claims adverse to those of the owners of the patent based on the Big Survey may have been so far in issue that they were required to be set forth and established; but the particular claim was the claim of Huff, in whom the title was centered and stood, under the tax deed.  Complainants in that suit and the court were not concerned as to whether only a portion or all

of the lands covered by the tax deed passed from Pile to Rassieur under a distinct deed after the bringing of that suit.

In one sense the subject-matter of the suit was the land, but, in the sense in which the term "same subject-matter" is used in the law of former adjudication, the "Pile to Rassieur" title was not in judgment in the original suit. S. H. Pile was not put to a defense in respect of it and is not to be prejudiced by anything said in the decree touching it.

The causes of action in the two suits were different; therefore each had a distinct "subject-matter," in the more exact and appropriate meaning of the term, in this connection.

In order that a judgment may be effective as *res adjudicata*, it is essential that the party sought to be precluded thereby should have sued or been sued in both cases, in the same capacity or character and to enforce or have adjudged the same right, and it must appear not only that the *res* affected by the two suits is the same, but that the proceedings were for the same object or purpose, the same point being directly in issue. *Bank* v. *Smith*, 110 Tenn., 338, 75 S. W., 1065; *Melton* v. *Pace*, 103 Tenn., 484, 53 S. W., 939.

The adjudication to be conclusive must, broadly speaking, be upon the very point put directly in issue by the pleadings. *Brewster* v. *Galloway*, 4 Lea (72 Tenn.), 558; *Coulter* v. *Davis*, 13 Lea (81 Tenn.), 451, 456; *Harris* v. *Mason*, 120 Tenn., 668, 115 S. W., 1146, 25 L. R. A. (N. S.), 1011. Or on a point necessarily involved.

*Eakin* v. *Riddle,* 127 Tenn., 426, 155 S. W., 166, and cases cited.

The chancellor proceeded upon the idea that S. H. Pile had an opportunity to show that the recitations of the decree were incorrect so far as they referred to his conveyance to Rassieur, and that therefore Pile's heirs are estopped.

When the second suit is upon the same cause of action and between the same parties as the first, the judgment in the former is conclusive in the latter as to every question which was or might have been presented and determined in the former. When, however, the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the former action operates as an estoppel effective in the latter as to every point and question which was actually litigated and determined in the first action, but is not conclusive in relation to other matters which might have been, but were not, litigated or decided. *Southern Pac. R. Co.* v. *United States,* 168 U. S., 1, 18 Sup. Ct., 18, 42 L. Ed., 355.

Where the record is such that there is or may be a material issue or matter in the second suit upon a different cause of action, which may not have been raised, litigated, and decided in the former action, the judgment therein does not constitute an estoppel from litigating this issue, question, or matter, unless by pleading or proof the party asserting the estoppel establishes the fact that the issue, question, or matter in dispute was actually and necessarily litigated and determined in the former suit. *Harrison* v. *Remington Pa-*

*per Co.,* 140 Fed., 385, 72 C. C. A., 405, 3 L. R. A. (N. S.), 954, 5 Ann. Cas., 314; *Dooley* v. *Potter,* 140 Mass., 49, 2 N. E., 935; *Ryder* v. *Loomis,* 161 Mass., 161, 36 N. E., 836; *Huntzicker* v. *Crocker,* 135 Wis., 38, 115 N. W., 340, 15 Ann. Cas., 444.

Even where the same person has two separate and distinct rights, titles, or interests in the land, so treated as in one sense the subject-matter of a suit, and the allegations of the bill or pleadings comprehend but one of said rights, titles, or interests, the fact that such person is made a party to such suit will not estop or conclude him from later asserting or defending his rights, titles, or interests in regard to said subject-matter, so far as they were not involved or comprehended in the allegations of such pleadings. As to the matters not so comprised in the pleadings he will not be regarded, in legal contemplation, as a party to the suit. *McNutt* v. *Trogden,* 29 W. Va., 469, 2 S. E., 328.

It is manifest that these principles of estoppel by record have no application to the present effort to preclude the heirs of S. H. Pile from disputing, as complainants in this case, with defendant Rassieur the ownership of the lands in controversy. It is not here disputed that the chancellor correctly decreed that the deed of Pile to Rassieur does not cover any part of the land.

Other assignments of error relate to issues of fact between other parties to the pending suit, and are disposed of in a memorandum for decree.

Reversed, with a decree here for complainants, the heirs of S. H. Pile, with remand for further and accordant proceedings.