S. T. Beare, Complainant, Appellant, *v.* H. H. Burnett *et al.*, Defendants, Appellees.

(*Jackson,* April Term, 1931.)

Opinion filed June 11, 1931.

ROBERT HEARN SPRAGINS, for complainant, appellant.

ROGER G. MURRAY, for defendants, appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by a conditional vendee, under section 3669, Thompson's-Shannon's Code, providing that a conditional vendor, having regained possession of said property, who fails to advertise and sell the same as provided by that article (unless said sale is waived as provided), is liable to the vendee for that part of the consideration paid on account of the purchase. The bill averred that there was no valid waiver of advertisement and public sale required by section 3666, Thompson's-Shannon's Code, and that the property in question was sold by the conditional vendor at private sale.

It further appears from the bill that the transferee of the title note witnessing this sale sued the complainant, the conditional vendee, for the balance due on said note, after crediting payments and the amount brought by the

property at private sale; that the complainant herein, defendant in that suit, permitted judgment to go against him by default and later paid the amount of said judgment.

A demurrer to the bill, containing several grounds, was sustained by the chancellor and the complainant has appealed to this court.

One ground of demurrer is that the bill shows that complainant permitted the aforesaid judgment by default to be rendered against him in favor of the transferee of the title note for the balance due on said note after the proceeds of the sale and payments had been applied as a credit on the note. We think this ground of demurrer is good.

Section 3668, Thompson's-Shannon's Code, provides: ".Should said property, at the sale provided by this Article, fail to realize a sufficient sum to satisfy the claim of the seller, the balance still remaining due on said claim shall be and continue a valid and legal indebtedness as against said original purchaser."

In order to obtain judgment for the balance remaining due on said note, after applying thereto proceeds of the sale of the property, it was necessary for plaintiff in the other case to establish that the property "at the sale provided by this Article" failed to realize a sufficient sum to satisfy the claim of the seller. That is, it was part of that plaintiff's case to set up a sale according to the terms of section 3666 of Thompson's-Shannon's Code, before he could obtain the judgment rendered. The default of defendant in the other case, the complainant here, admitted this essential.

A judgment by default is as conclusive as one rendered in a case where defendant appears as to all matters

properly in issue. *Taylor* v. *Sledge,* 110 Tenn., 263; *Lieberman, Loveman & Cohn* v. *Knight,* 153 Tenn., 268.

In *Bank* v. *Smith,* 110 Tenn., 337, 361, this court adopted the following:

". . . that it is allowable to reason back from a judgment to the basis on which it stands, upon the obvious principle that where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally conclusive and indisputable with the conclusion, and, if a judgment necessarily determines a particular fact, that determination is conclusive, and requires the same fact to be determined in the same way in all subsequent actions between the same parties, and that a fact is necessarily determined to exist or not to exist if its existence or nonexistence is required to support the judgment rendered."

The judgment referred to for the balance due for the property herein sold was necessarily based upon the premise that there had been a sale of the property as required by the statute. The original sale having been rescinded, and the property reclaimed, there could have been no judgment for such balance except by reason of the statute. That the premise of the aforesaid judgment existed was admitted in the other suit and cannot be controverted in this suit between the same parties.

We do not think that *Mann* v. *Smith,* 158 Tenn., 463, and *Holland* v. *Cooperage & Lumber Co.,* 154 Tenn., 174, are in point. In these cases defendants failed to set up claims by way of set-off or recoupment when they were sued and were later permitted to maintain separate actions on account of these claims. The original judgments did not necessarily involve the factual bases of the later suits. The factual basis of the suit before us was necessarily destroyed in the previous suit between these parties.

The decree of the chancellor must be affirmed.