# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

September 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

GENE TAYLOR, )
)
    Petitioner/Appellant, )
)
)   Appeal No.
VS. )   01-A-01-9812-CH-00638
)
)   Davidson Chancery
DONAL CAMPBELL, )   No. 97-711-II
TENNESSEE DEPARTMENT OF )
CORRECTION, )
)
    Respondent/Appellee. )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. MCCOY, CHANCELLOR


GENE TAYLOR #75796
Northwest Correctional Complex
Route 1, Box 660
Tiptonville, Tennessee 38079
    Pro Se/Petitioner/Appellant

PAUL G. SUMMERS
Attorney General and Reporter

JOHN R. MILES
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
    Attorney for Respondent/Appellee


AFFIRMED AND REMANDED


                    BEN H. CANTRELL,
                    PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
CAIN, J.

# **O P I N I O N**

A prisoner seeking a declaratory judgment to review his prison sentence asserts that in granting summary judgment to the state, the chancellor erred by finding that he committed a felony while on work release. Based on a prior decision of the Court of Criminal Appeals, we find that res judicata bars the litigation of that issue. Therefore, we affirm the judgment of the lower court.

## II.

Mr. Taylor filed a petition for a declaratory judgment in the Chancery Court of Davidson County pursuant to Tenn. Code Ann. § 4-5-225. He alleged that the only effective sentence under which he was being held was a twenty years and one day sentence and that he had already served over twenty-two years. He also alleged that he was entitled to over eleven years of sentence credits. Therefore, he sought a declaration that he was entitled to an immediate release from incarceration.

The Commissioner of Correction moved for a dismissal for failure to state a claim, or for summary judgment. Relying on an opinion of the Court of Criminal Appeals, the chancellor granted the Commissioner summary judgment on the question of the sentence Mr. Taylor was serving, but reserved judgment on the question of the sentence credits.

After more maneuvering in the chancery court, the Commissioner moved for summary judgment on the remaining issue of sentence credits. The chancellor granted that motion, holding that Mr. Taylor was under a life sentence without the possibility of parole, and that therefore, the issue of sentence credits was moot.

## II.

Although Mr. Taylor raised a number of issues in the chancery court, the only questions on appeal revolve around whether he previously committed a felony while on work release. At this point we summarize the facts recited in the opinion of the Court of Criminal Appeals. In 1975 the Criminal Court of Washington County sentenced Mr. Taylor to death on a charge of murder. After the dust settled on an appeal and two commutations by Governor Blanton, Mr. Taylor was under a life sentence commuted to twenty years and one day.

While serving the commuted sentence, Mr. Taylor escaped, stole a car, and robbed a bank. The words of the Court of Criminal Appeals are particularly pertinent. The court said: "Subsequently, while serving the twenty-year and one day sentence on a work release program, the Defendant stole a car and robbed a bank." *Taylor v. Morgan*, 909 S.W.2d 17 at 18 (Tenn. Crim. App. 1995)(emphasis supplied). He entered a guilty plea and received an additional twenty year sentence. The trial court ordered the sentence to run concurrently with the sentence he was already serving.

Governor Alexander then revoked the commutation granted by Governor Blanton and reinstated the life sentence.

In 1994 Mr. Taylor filed a petition for habeas corpus in the Circuit Court of Davidson County, alleging that the second twenty year sentence was void because Tenn. Code Ann. § 40-28-123 required it to run consecutively to his original sentence. Therefore, since he had served the original twenty-year sentence, he argued that he was being illegally held.

The Court of Criminal Appeals rejected Mr. Taylor's petition and held that he was under a valid life sentence. Thus, regardless of the validity of the second sentence, the court held that Mr. Taylor would not be eligible for release until he had, at a minimum, served the life sentence.

## III.

The issue about which Mr. Turner complains was decided in the prior case. The res judicata doctrine prohibits him from relitigating that issue here. *See A.L. Kornman Co. vs. Metropolitan Government*, 391 S.W.2d 633 (Tenn. 1965). Thus, the chancellor correctly based her decision in this case on the fact that Mr. Taylor had committed a felony while on work release.

The significance of that fact becomes apparent when we consider Tenn. Code Ann. § 40-28-123(b)(1). That code section provides that any prisoner convicted of a felony (except escape) committed while on work release

or other program where the prisoner enjoys the privilege of supervised release in the community, shall serve the remainder of the term without becoming eligible for parole.

It is obvious that the two rulings made by the chancellor (that Mr. Taylor was under a life sentence and that he must serve it without becoming eligible for parole) were mandated by the law and the uncontroverted facts.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE