IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 24, 2004 Session

## SHELIA L. GODWIN v. FRED SANDERS

**Direct Appeal from the Juvenile Court for Madison County**
**No. 14-1362     Robert W. Newell, Judge**

_____

**No. W2003-02239-COA-R3-JV - Filed January 10, 2005**

_____

This case arises out of a petition to reopen paternity proceedings filed by Appellant. When Appellee refused to submit to a DNA test, Appellant filed a petition to find Appellee in contempt of court. The trial court refused to find Appellee in contempt and determined that Appellee need not submit to a DNA test. Appellant filed her notice of appeal and seeks review by this Court. For the following reasons, we affirm the trial court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Shelia L. Godwin, Appellant, *pro se*

Fred Sanders, Appellee, (no brief filed; no representation)

**OPINION**

**Facts and Procedural History**

On January 30, 1987, Fred Sanders ("Sanders" or "Appellee") was determined by court order to be the biological father of P.G. ("P.G." or "Child"), born May 2, 1986. Shelia Godwin ("Godwin," "Appellant," or collectively with Sanders, the "parties") is P.G.'s mother, who filed the petition to establish Sanders' paternity of P.G. on August 21, 1986. After the parties took a blood test, it was determined that "[t]he relative chance of paternity, assuming a 50% prior chance, is 99.06%." Subsequently, the trial court entered an order establishing Sanders as P.G.'s biological father and setting child support at $30.00 per week.

Although the record does not establish an exact date, at some point Godwin began denying that Sanders was P.G.'s biological father and instead insisted that an attorney, Nathan Pride

("Pride"),[1] was P.G.'s biological father. Godwin filed a petition to reopen the paternity proceedings and requested that the court order Sanders to take a DNA[2] test to establish he was not P.G.'s biological father. At a hearing on May 23, 2003, the trial court ordered the parties to submit to a DNA test to establish whether Sanders was P.G.'s biological father. Another hearing was held on July 23, 2003, and the trial court entered an order denying Godwin's petition for a DNA test and found, based on prior court orders, that Sanders was the biological father of P.G.[3] Godwin filed a motion for a new trial which was denied by the trial court. Subsequently, Godwin filed a petition to hold Sanders in contempt of court for violating the court's order from the May 23, 2003, hearing. On October 1, 2003, the trial court denied Godwin's petition to hold Sanders in contempt for refusing the DNA test, and Godwin appealed to this Court presenting the following issues, as we perceive them, for our review:

I. Whether the trial court erred when it denied Godwin's petition to compel Sanders to take a DNA test to establish whether he is P.G.'s biological father;

II. Whether the trial court erred when it denied Godwin's petition to hold Sanders in contempt of court for refusing to submit to a DNA test;

III. Whether the trial court erred when it found that Sanders was P.G.'s biological father and that Sanders was the person who took the blood test originally establishing his paternity;

IV. Whether Sanders was a credible witness;

V. Whether Godwin is entitled to relief pursuant to the Americans with Disabilities Act of 1973 as amended in 1990; and

VI. Whether Pride and counsel for Sanders, Linda Taylor, had a conflict of interest.

For the following reasons, we affirm the trial court.

**Standard of Review**

When a trial court sits without a jury in a civil action, we review its findings of fact *de novo* affording its findings a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *State ex rel. Duck v. Williams*, No. 02A01-9604-JV-00084, 1997 WL 675459, at *2 (Tenn. Ct. App. Oct. 29, 1997). "No presumption of correctness attaches to the trial court's conclusions of law. *Williams*, 1997 WL 675459, at *2 (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995)).

We review a trial court's determination of contempt and the court's manner of dealing with contempt under an abuse of discretion standard of review. *Slaughter v. Slaughter*, No. E2003-

---

[1] Pride is not a party to this action.

[2] "DNA" is an acronym for deoxyribonucleic acid.

[3] Apparently, Sanders changed his position and withdrew his consent to subject himself to a DNA test because paternity had already been established by a blood test.

01146-COA-R3-CV, 2004 Tenn. App. LEXIS 106, at *8 (Tenn. Ct. App. Feb. 23, 2004) (citing *Robinson v. Air Draulics Eng'g Co.*, 377 S.W.2d 908 (Tenn. 1964)); *see also State ex rel. Phillips v. Knox*, No. E2000-02988-COA-R3-JV, 2001 Tenn. App. LEXIS 867, at *11-12 (Tenn. Ct. App. Nov. 29, 2001) (citing *Robinson*, 377 S.W.2d at 912; *Quality First Staffing Serv. v. Chase-Cavett Serv., Inc.*, No. 02A01-9807-CH-00205, 1999 WL 281312, at *3 (Tenn. Ct. App. May 7, 1999)). We will not find an abuse of a trial court's discretion unless such court's decision was against logic or reasoning and caused an injustice or injury to the complaining party. *Knox*, 2001 Tenn. App. LEXIS 867, at *12 (citing *Marcus v. Marcus*, 993 S.W.2d 596, 601 (Tenn. 1999) (quoting *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996))).

> The decision of the trial court on the credibility of witnesses is entitled to great weight in this court. Any conflict in testimony requiring a determination of the credibility of a witness or witnesses is for the trial court and binding on the appellate court unless from other real evidence the appellate court is compelled to conclude to the contrary.

*Hudson v. Capps*, 651 S.W.2d 243, 246 (Tenn. Ct. App. 1983) (citing *State ex rel. Balsinger v. Town of Madisonville*, 435 S.W.2d 803, 807 (Tenn. 1968)).

### DNA Test for Paternity

Appellant begins by arguing that the trial court erred when it denied her petition to subject Sanders to a DNA test to determine if he was P.G.'s biological father. The trial court determined that, under the doctrine of *res judicata*, Appellant was barred from relitigating the issue of P.G.'s paternity. The Tennessee Supreme Court has addressed the requirements of *res judicata* as follows:

> The term "*res judicata*" is defined as a "rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action . . . . To be applicable, it requires identity of cause of action, or person and parties to action, and of quality in persons for or against whom claim is made." Black's Law Dictionary 1172 (5th ed. 1979) (citations omitted). We have recently discussed the doctrine and its related counterpart, collateral estoppel, as follows:
>
>> The doctrine of *res judicata* bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.

> *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989) (quoting from *Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987)). *Res judicata* and collateral estoppel apply only if the prior judgment concludes the rights of the parties on the merits. *A. L. Kornman Co. v. Metropolitan Gov't of Nashville & Davidson County*, 216 Tenn. 205, 391 S.W.2d 633, 636 (Tenn. 1965). One defending on the basis of *res judicata* or collateral estoppel must demonstrate that 1) the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted, and 2) both cases involve the same parties, the same cause of action, or identical issues. *Scales v. Scales*, 564 S.W.2d 667, 670 (Tenn. App. 1977), *cert. denied*, (Tenn. 1978).

*Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995); *see also State ex rel. Russell v. West*, 115 S.W.3d 886, 890 (Tenn. Ct. App. 2003).

We find no error in the trial court's decision to deny Appellant's petition to subject Appellee to a DNA test. In this case, the same parties from the first suit are involved in Appellant's second suit. The issue of paternity was litigated and determined on the merits. The judgment from January 1987 was final and concluded the rights of the parties on the issue of P.G.'s paternity. We further note that Appellant proceeded to file petitions to enforce Appellee's child support obligation pursuant to the order establishing Appellee's paternity. Not only does this prior order preclude Appellee from relitigating this issue, but it also precludes Appellant from bringing another petition on the same issue. This issue is *res judicata*. Therefore, we affirm the decision of the trial court.[4]

## Petition for Contempt

Next, Appellant argues that the trial court erred when it denied her petition to hold Appellee in contempt for refusing to submit to a DNA test. As noted above, we review the manner in which a trial court handles issues of contempt under an abuse of discretion standard of review. *Slaughter*, 2004 Tenn. App. LEXIS 106, at *8 (citing *Robinson v. Air Draulics Eng'g Co.*, 377 S.W.2d 908 (Tenn. 1964)); *see also Knox*, 2001 Tenn. App. LEXIS 867, at *11-12 (citing *Robinson*, 377 S.W.2d at 912; *Quality First Staffing Serv. v. Chase-Cavett Serv., Inc.*, No. 02A01-9807-CH-00205, 1999 WL 281312, at *3 (Tenn. Ct. App. May 7, 1999)).

Initially, we note that, in its order directing the parties to submit to a DNA test, the trial court states that "[c]ontempt charges *may* be brought against anyone violating this Order." (emphasis added). Further, given that the trial court was correct when it determined that it was improper to relitigate the issue of whether Appellee was P.G.'s biological father, we cannot say that the trial court

---

[4] Our decision on this issue pretermits issues three and four above. The finding that Sanders is the biological father of P.G. is a finding made by the trial court in the January 1987 order, and, therefore, the issue is *res judicata*. Additionally, implicit in the January 1987 order is the finding that Sanders was the individual that took the blood test to establish his paternity, and, therefore, this issue is also *res judicata*. Finally, because the trial court relied upon the January 1987 order establishing Sanders' paternity, the issue of Sanders' credibility is also pretermitted. Further, we note that, even if such issue were not pretermitted, there is nothing in the record to suggest that Sanders was not credible at any point in the litigation.

erred and abused its discretion when it denied Appellant's petition to find Appellee in contempt of court for his refusal to submit to a DNA test. Therefore, we affirm the trial court's decision denying Appellant's petition to bring contempt charges against Appellee.

## Americans with Disabilities Act

Appellant argues that, pursuant to the Americans with Disabilities Act, her civil rights have been violated in this litigation. We have reviewed the record and it appears that Appellant is raising this issue for the first time on appeal. In general, a party is not entitled to relief on an issue raised for the first time on appeal. *Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983); *State ex rel. Comm'r ex rel. Said Dep't v. Morrow*, No. 02A01-9607-CV-00156, 1996 Tenn. App. LEXIS 725, at *6 (Tenn. Ct. App. Nov. 12, 1996); *Southland Express v. Scrap Metal Buyers of Tampa, Inc.*, 895 S.W.2d 335, 341 (Tenn. Ct. App. 1994). Appellant failed to raise any violations of the Americans with Disabilities Act in any proceeding or motion in the trial court below, and, therefore, we decline to address this issue on this appeal.[5]

## Conflict of Interest

Finally, Appellant asserts that counsel for Appellee, Linda Taylor ("Taylor"), violated the Code of Professional Conduct for attorneys. Specifically, Appellant argues that Taylor had a conflict of interest when representing Appellee against her because Taylor formerly worked in the same law practice with Pride, whom she alleges to be the biological father of P.G. Additionally, in her brief, Appellant alleges that a conflict existed for Taylor because Appellant's oldest daughter and Taylor's oldest son have the same biological father. As stated above, a party is not entitled to relief on an issue raised for the first time on appeal. *Lawrence*, 655 S.W.2d at 929; *Morrow*, 1996 Tenn. App. LEXIS 725, at *6; *Southland Express*, 895 S.W.2d at 341. We have reviewed the record and it appears that this issue was never raised in the trial court. Therefore, we decline to address this issue on appeal.[6]

---

[5] Further, we note that Appellant in her brief does not point to any specific provisions of the Act nor explain how the Act applies to the circumstances of this litigation. Our rules of appellate procedure require a brief to contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on . . . ." Tenn. R. App. P. 27(a)(7) (2004). Though Appellant refers to the Act in general, she does not refer this Court to any specific provisions in the Act, fails to make references to anything appearing in the record, and fails to state why her conclusory statements warrant appellate relief.

[6] In addition, though we do not state that Appellant's allegations would warrant reversal, we note there is nothing in the record, and Appellant cites us to nothing in the record, to support either the allegation that Taylor and Pride formerly worked in the same law office or that Appellant's daughter and Taylor's son have the same biological father.

**Conclusion**

For the reasons stated above, we affirm the decision of the trial court. Costs of this appeal are taxed to Appellant, Shelia L. Godwin, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE