IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 8, 2004 Session

## CLIFFORD WILSON v. GAY LYNN WILSON

Appeal from the Circuit Court for Davidson County
No. 99D-3470      Muriel Robinson, Judge

No. M2003-02261-COA-R3-CV - Filed April 13, 2005

This case involves a dispute over the proper amount of child support to be paid for the parties' two minor children. Father requested a child support adjustment due to the emancipation of the parties' oldest child. He additionally requested a downward deviation of his child support payments due to significant additional parenting time in excess of that contemplated by the Tennessee Child Support Guidelines, as well as, significant additional monies paid for private school and other expenses for the children. The previous court order required Husband to pay $4,100 per month for their three minor children based on an income of $10,000 per month. The trial court determined that Husband's new child support amount for the remaining two minor children would be $3,700 per month. Father argued that the proper amount after the emancipation of their oldest child should reduce his child support to $3,200 per month. Father also argued that he should be entitled to a downward deviation reducing his child support to $1,000 per month for his two minor children. We agree with Father that the trial court incorrectly modified his child support following the emancipation of the parties' oldest child. Although Husband's current income is in excess of $10,000 per month, Wife did not carry her burden of proving that additional child support based on an amount over $10,000 per month is reasonably necessary. Child support should be set at 32% of $10,000, $3,200 per month. With regard to Father's request for a downward deviation of his child support obligation, we find that there has been no change of circumstances since the last court order and that this issue could have and should have been litigated at the time of the previous Order, so the matter is barred by *res judicata*. Child support is set at $3,200 per month for the remaining two minor children.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is affirmed in part and modified in part**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, and FRANK G. CLEMENT, JR., JJ., joined.

John J. Hollings, Jr., Nashville, Tennessee, for the appellant, Clifford Wilson.

Warren Jasper, Nashville, Tennessee, for the appellee, Gay Lynn Wilson.

**OPINION**

The parties in this matter were divorced by Final Decree entered on September 13, 2000. At the time of the divorce, the parties had three minor children. Mother was designated as primary caretaker with the parties having joint custody. Father was ordered to pay child support in the amount of $4,100 per month based on a finding of net monthly income of $10,000 per month.

In September of 2001, Father filed a Petition to Reallocate Residential Time. A new Permanent Parenting Plan was approved by the court in an Agreed Order dated September 6, 2002. This Parenting Plan gave Father significantly more parenting time but left the child support unchanged at $4,100 per month. Father made no request for a downward deviation from the Child Support Guidelines and signed the Agreed Order and new Parenting Plan changing his parenting time but leaving his child support unchanged. This Agreed Order became a final order.

On May 16, 2003, Father filed a Motion to Modify Child Support based on his oldest daughter turning 18 on May 28, 2003 and graduating from high school on May 26, 2003. Father later filed an Amended Motion to Modify Child Support requesting a further downward deviation in his child support obligation based on the significantly increased parenting time and additional funds expended for private school and other expenses of the children.

Pursuant to the September 2002 Parenting Plan and Agreed Order, Father alleged that he exercised 186 days of parenting time in the last year, more than 154 of those for overnight visits. This parenting time was 106 days above the presumptive guideline of 80 days per year. In addition to the $4,100 per month in child support, Father also voluntarily paid approximately $30,000 per year for his children to attend private school.

At the hearing of this matter, the trial court heard the testimony of both Mother and Father and reviewed Father's tax returns for the years 2000, 2001, and 2002. At the close of all testimony, the court stated:

> It's unfortunate that this deviation was not addressed by this parenting plan. I tend to agree with the child support contractor here but we do have the fact that one child is emancipated.
>
> I commend Mr. Wilson for paying all these expenses but he does that voluntarily. I'm going to average his income and this resulting Order will result in the child support payment for the two remaining children to be 3700 per month.
>
> They'll be no deviation for more visitation because I don't even know why they signed that parenting plan anyway. So he's under no obligation for any of these schools. If you want your

children to have a good education, you'll do it but he's under no Order to do that so that will be my Order.

On September 8, 2003, the trial court issued her Order providing:

> It is hereby ORDERED, ADJUDGED and DECREED that the Father shall pay child support in the amount of $3,700 for the parties' two minor children until further orders of this Court. The Father's modified child support obligation shall be retroactive to May 28, 2003, the date the parties' oldest child, Whitney Wilson, graduated from high school.

The facts in this case are not in dispute. The questions at issue only involve proper application of the law to the facts. These issues of law are reviewed *de novo*, without any presumption of correctness. *See Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 28-29 (Tenn. 1996); *Lacey v. Lacey*, No. W2002-02813-COA-R3-CV, 2003 WL 23206069 at *2 (Tenn. Ct. App. Oct. 21, 2003); *Hoback v. Hoback*, No. M2001-01913-COA-R3-CV, 2004 WL 746440 at *1 (Tenn. Ct. App. April 5, 2004).

## I. Child Support Based on Income in Excess of $10,000

In determining the amount of Father's net monthly income, the trial judge stated that she averaged Father's federal income tax for the years 2000, 2001, and 2002. This would provide for a net monthly income of $11,607. Thirty-two percent of that income would be $3,714.24. The trial court ordered child support for Father's two children set at $3,700 per month. This amount is incorrect.

In order to base child support on an income in excess of $10,000 per month, the custodial parent must show, by a preponderance of the evidence, that the additional money is reasonably necessary to provide for the needs of the minor children pursuant to Tennessee Code Annotated section 36-5-101(e)(1)(B).

> Notwithstanding any provision of this section or any other law or rule to the contrary, if the net income of the obligor exceeds ten thousand dollars ($10,000) per month, then the custodial parent must prove by a preponderance of the evidence that child support in excess of the amount, [calculated by multiplying the appropriate percentage set forth in the child support guidelines by a net income of ten thousand dollars ($10,000) per month], is reasonably necessary to provide for the needs of the minor child or children of the parties. In making its

> determination, the court shall consider all available income of the obligor, as required by this chapter, and shall make a written finding that child support in excess of the amount so calculated is or is not reasonably necessary to provide for the needs of the minor child or children of the parties.

Tenn. Code Ann. § 36-5-101(e)(1)(B) (Supp. 2004); *see also Kreuser v. Smith*, No. M2001-03135-COA-R3-CV, 2003 WL 132456 (Tenn. Ct. App. Jan. 16, 2003), *perm. app. denied* (Tenn. June 9, 2003); *Zabaski v. Zabaski*, No. M2001-02013-COA-R3-CV, 2002 WL 31769116 at \*6 (Tenn. Ct. App. Dec. 11, 2002); Tenn. Comp. R. Regs. 1240-2-4-.04(3) (Dec. 2003).

Not only did the court fail to make the required written determination that this amount was reasonably necessary to provide for the needs of the children, Mother did not request this additional child support and failed to make any showing of need. "[C]hild support cannot be based on an amount greater than that [$10,000] without proof that a greater amount of support is reasonably necessary for the child's needs." *Zabaski*, 2002 WL 31769116 at \*6.

The only showing made by Mother of any expenses was for pre-kindergarten and child care for the parties' five-year-old child. The cost of pre-kindergarten was $4,650 per year plus aftercare expenses of $1,800 per year. Additional child care costs were $450 per month. In addition to the $4,100 Mother had been receiving per month in child support, she received $1,750 per month in alimony, earned a net income of $2,950 per month through her employment and received $1,500 per year in rental income. We cannot say that the information provided by Mother comes anywhere close to proving by a preponderance of the evidence that child support calculated on Father's income in excess of $10,000 per month is reasonably necessary to provide for the needs of the minor children.

Based on Father's income calculated at $10,000 per month and the emancipation of the parties' oldest daughter, we calculate the proper child support amount at $3,200 per month ($10,000 x 32%) for the parties' two remaining minor children. However, from this $3,200 per month, Father further requests a downward deviation based on his substantial additional parenting time and other costs paid on top of his regular child support.

## II. Request for Downward Deviation

The Tennessee legislature and courts have addressed the issue of how child support is determined and how and when a nonresidential parent's child support obligation may be modified. Although these statutes provide for a downward deviation in child support based on significant additional parenting time by the nonresidential parent, *Casteel v. Casteel*, No. 03A01-9703-CV-00073, 1997 WL 414401 (Tenn.Ct.App. July 24, 1997); *Burke v. Burke*, No. M2000-01111-COA-R3-CV, 2001 WL 921770 (Tenn.Ct.App. Aug. 7, 2001); *Hobak v. Hobak*, No. M2001-01913-COA-R3-CV, 2004 WL 746440 (Tenn.Ct.App. April 5, 2004), in the case at bar, we never reach the issues

of whether the deviation should be allowed and how this modification is determined. Father negotiated a new parenting plan, significantly increasing parenting time for him but leaving his child support obligation unchanged at $4,100 per month, enticing Mother to agree to the additional parenting time. This parenting plan became incorporated into the trial court's Agreed Order, which is now a final order in this case, and *res judicata* bars redetermination of child support based on the facts and circumstances in existence at the time of the court's Order.

In determining that *res judicata* applies to this situation, we will examine its application in other cases involving child support and child custody, as well as, Tennessee's law of *res judicata*.

Generally, *res judicata* bars a second suit between the same parties on the same cause of action with regard to all issues that were or could have litigated in the prior suit.

> "The term "res judicata" is defined as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. . . . [T]o be applicable, it requires identity of cause of action, or person and parties to action, and of quality in persons for or against whom claim is made." Black's Law Dictionary 1172 (5th ed. 1979) (citations omitted). We have recently discussed the doctrine and its related counterpart, collateral estoppel, as follows:
>
> > The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.
>
> *Goeke v. Woods,* 777 S.W.2d 347, 349 (Tenn. 1989) (quoting from *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987)). Res judicata and collateral estoppel apply only if the prior judgment concludes the rights of the parties on the merits. *A.L. Kornman Co. v. Metropolitan Gov't of Nashville & Davidson County,* 216 Tenn. 205, 391 S.W. 2d 633, 636 (1965). One defending on the basis of res judicata or collateral estoppel must demonstrate that 1) the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted, and 2) both cases involve the same parties, the

same cause of action, or identical issues. *Scales v. Scales*, 564 S.W. 2d 667, 670 (Tenn.App. 1977), *cert denied*, (Tenn. 1978).

*Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995).

In matters of child custody and support, *res judicata* has been applied in numerous circumstances. Our courts have repeatedly applied *res judicata* in issues of paternity. *See State ex rel. Russell v. West,* 115 S.W.3d 886 (Tenn.Ct.App. 2003); *Godwin v. Sanders*, No. W2003-02239-COA-R3-JV, 2005 WL 65540 (Tenn.Ct.App. Jan. 10, 2005). The Tennessee courts have also applied *res judicata* to issues of child custody. It has long been the law that once a custody decision is made, that decision is considered *res judicata* as to all facts in existence or reasonably foreseeable at the time of the decision. "In fact, a custody decision, once made and implemented, is considered *res judicata* upon the facts in existence or reasonably foreseeable when the decision was made." *Davis v. Davis,* No. M2003-02316-COA-R3-CV, 2004 WL 2296507 at *2(Tenn.Ct.App. Oct. 12, 2004).

> In child custody cases, the law is well established that when a decree awarding custody of children has been entered, that decree is *res judicata* and is conclusive in a subsequent application to change custody unless some new fact has occurred which has altered the circumstances in a material way so that the welfare of the child requires a change of custody. *Long v. Long,* 488 S.W. 2d 729 (Tenn.Ct.App. 1972). In short, once the trial court has made an initial determination with respect to custody, it cannot entertain a subsequent petition to modify custody absent a material change in circumstances such that the welfare of the child demands a redetermination.

*In re B.A.L. and A.E.L.*, No. W2004-00826-COA-R3-JV, 2004 WL 3008810 at *4(Tenn.Ct.App. Dec 23, 2004).

Tennessee courts have also applied *res judicata* to requests for an increase in child support.

> A trial court's final decree fixing alimony and child support is *res judicata* as to all circumstances in existence at the time of the entry of said decree. *Hicks v. Hicks*, 26 Tenn.App. 641, 176 S.W.2d 371 (1943). In order to obtain an increase in child support thereafter, the petitioner has the burden of showing there has been a material change of circumstances justifying an increase in child support, and that the change has taken place from and after the entry of the previous decree. *Jones v. Jones,* 659 S.W.2d 23 (Tenn.App. 1983).

*Watts v. Watts*, No. 01-A01-9011CH00406, 1991 WL 93780 at *2 (Tenn.Ct.App. June 5, 1991).

In the case at bar, Father is requesting a downward deviation based on circumstances which were placed in a final order almost a year prior to his request for the deviation. We believe *res judicata* applies to bar Father from bringing his action for modification, as under principles of *res judicata* there has been no change in circumstances and his request involves a matter that should have and could have been litigated in the earlier action. *See Hawkins v. Burton*, No. W2003-02617-COA-R3-CV, 2004 WL 2607548 (Tenn.Ct.App. Nov. 16, 2004).

In the case at bar, the factors were known to all the parties, and the new Parenting Plan was a negotiated resolution of the parties' dispute, which became an Order of the court. Although Father's parenting time changed significantly, he allowed child support to remain unchanged and these elements of the Parenting Plan became a part of the Final Order, not appealed by either party. As such, the issue is *res judicata* as to all future litigation regarding the same facts.

Father negotiated his new parenting arrangement with Mother and then waited almost a year to request a downward deviation in his child support payments. Under principles of *res judicata*, there must be some change in circumstances that allow for re-litigation of the issue. However, other than the emancipation of one child, a change provided for by statute and occurring since the last Order, all circumstances are the same as the last time the parties appeared before the court and obtained a court order. Father's income for the purpose of determination of child support is still $10,000 per month, Father's visitation time has been set by court Order for over a year, and Father has been paying school tuition and other necessities for his children since the time of the divorce. Father cannot now ask the court to recalculate his child support based on these previously existing factors. They have already been litigated. The only modification available was the reduction of the amount of child support paid from 41% to 32% of his income due to the emancipation of the oldest child.

One other type of child support case wherein this Court has applied *res judicata* is child support arrearages. However, in such circumstances, the Court has stated that *re judicata* does not apply in barring a claim that "might have been brought in the former proceeding". In the case of *Ostheimer v. Ostheimer*, No. W2002-02676-COA-R3-CV, 2004 WL 689881(Tenn.Ct.App. Mar. 29, 2004), the mother received child support calculated in two different ways. She received a lump sum amount based on the father's regular salary and received an additional, variable amount based on the father's commissions and bonuses. The father had not paid any child support in some time, and the mother sued for payment of back child support. The initial court award for the child support arrearage involved only the set amount of child support without any calculation of the variable component. The mother then returned to court requesting the additional child support based on the father's commissions and bonuses. Following an exhaustive discussion of the application of *res judicata* to similar cases in Tennessee, the trial court stated:

> From these cases, it appears that, in cases involving child support arrearages, *res judicata* in the form of issue preclusion has been permitted as a defense, requiring the party asserting the defense to show that the issue was actually resolved in the former proceeding.

Father has cited no child support arrearage case in which *res judicata* in the form of claim preclusion has been applied, barring claims that "might have been brought" in the former proceeding. Thus, in order to assert a *res judicata* defense in a child support case, the defendant must "prove with certainty" that the former proceeding actually addressed and resolved the issue. *See id.* at 245.

Applying this principle in the instant case, Father must submit sufficient evidence to show that the parties intended for the June 1998 Consent Order to resolve the issue of Father's commission-based child support obligation prior to June 1998. The trial court below did not expressly address whether the commission-based component of Father's child support obligation was actually litigated or resolved by the Consent Order.

*Ostheimer,* 2004 WL 689881 at *8.

In applying these principles to an agreed order, the court went on to state:

Ordinarily, application of issue preclusion principles require inquiry into what was actually litigated. In this case, however, the parties agreed to provisions in a consent order, and nothing was litigated. In such a case, the relevant inquiry is whether the parties intended for the order to resolve the issue at hand. *See McPherson*, 1993 WL 516255, at *3.

*Id* at *8 n.7.

The issue of the child support arrearage can be distinguished from the case at bar in that an arrearage deals with the right to collect the amount of child support already owed pursuant to a prior court order. There is no question that an amount is owed, the issue is merely what amount, if any, has not already been paid. In such a circumstance, there may be many different elements of child support owed, and a calculation resulting in an order determining that an amount is owed for a particular time period or event, such as medical bills or school tuition, does not bar a determination later that other amounts could still be owed pursuant to that original court order of support. This is in contrast to the case at bar, wherein Father is asking for a recalculation of the amount of support owed in the future without a showing of any change since the last calculation of support was made. As in the cases of child custody, we believe that *res judicata,* in the form of claim preclusion, applies unless such a change can be shown. Further, as the parties agreed to the Order and negotiated the terms of the Parenting Plan, including the amount of child support paid by Father, it can only be determined that the parties intended to resolve the issue of child support at the time visitation was changed.

The circumstances were known to Father at the time of the previous court Order. The parties entered into the Parenting Plan knowing that Father was paying more child support than was required by statute, and indeed Mother may not have agreed to the change in visitation time if it had involved a change in child support. As such, the parties entered into an Agreed Order and Parenting Plan agreeing to the additional days of visitation and the same child support without requesting a downward deviation now sought by Father. This Order was entered as of record by the trial court. Once the court makes a ruling, that ruling becomes *res judicata* as to the circumstances existing at the time.

We affirm the trial court's decision to deny Father's request for a downward deviation based on his additional parenting time and additional monies paid for school tuition. However, we modify the trial court's determination of Father's monthly child support obligation after emancipation of the oldest child. Child support is set at $3,200 per month.

Costs are assessed equally to the parties.

_____
WILLIAM B. CAIN, JUDGE